# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER FISKE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RTA LANDSCAPING, INC. and | : | NO. 09-4761 |
| RYAN ADKINSON, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                                        May 20, 2010

On October 16, 2009, Plaintiff Christopher Fiske filed a Complaint against Defendants RTA Landscaping, Inc. and Ryan Adkinson, setting forth claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. § 260.1, *et seq.* and the Minimum Wage Act of 1968, 43 Pa. C.S. § 333.102, *et seq.* Defendants entered their appearance and filed an Answer to the Complaint on January 13, 2010. Thereafter, Defendants sought to amend their Answer in order to assert further additional defenses, elaborate upon the already-pled affirmative defenses, and set forth a counterclaim which was omitted in the previously-filed Answer. Accordingly, Defendants' counsel repeatedly – on February 5, 2010, April 16, 2010, and April 20, 2010 – sought written consent from Plaintiff's counsel for leave to file an Amended Answer with Counterclaim. (Defs.' Mot. to Amend, Ex. B.) Plaintiff's counsel, however, declined to provide the requested consent, leaving Defendants little choice but to file the instant Motion to File an Amended Answer to the Complaint on May 11, 2010. The Court now considers the merits of this Motion.

Federal Rule of Civil Procedure 15(a) provides that a party may serve an amended pleading once as a matter of course within twenty-one days after serving the initial pleading. FED. R. CIV. P.

15(a)(1)(A).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  FED. R. CIV. P. 15(a)(2).  It is well-established that, "[l]eave to amend shall be freely given when justice so requires."  Saez v. Gen. Motors Corp., 305 Fed. Appx. 844, 846 (3d Cir. 2009) (quoting FED. R. CIV. P. 15(a)(2)).  "The liberal right to amend extends to an answer to the complaint."  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).  "[A] district court may deny a request to amend if '(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other part[ies].'"  Juan v. Sanchez, 339 Fed. Appx. 182, 187 (3d Cir. 2009) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).  Absent a showing that any of the above exist, a motion for leave to amend a pleading should be liberally granted.  Long, 393 F.3d at 400.

Plaintiff opposes Defendants' Motion on the grounds that: "[t]he alleged counterclaim(s) are:  (i) in bad faith, (ii) untimely, and (iii) speculative without offers of proof.  As such the Plaintiff is unfairly prejudiced."  (Pl.'s Opp. Mot. for Leave 2.)  The Court, however, finds that none of these arguments support denial of the Motion.  First, given that the Answer was originally filed on January 13, 2010, that Defendants repeatedly sought Plaintiff's consent to amendment starting in early February 2010, and that Defendants ultimately filed the Motion for Leave to Amend in May 2010, Plaintiff cannot convincingly argue that there has been undue delay.  Second, although Defendants have not provided a compelling reason for failing to initially include the proposed counterclaim, they are not obligated to do so.  Long, 393 F.3d at 401.  Rule 15(a) "allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently."  Arthur v. Maersk, 434 F.3d 196, 206 (3d Cir. 2006).  To require an explanation, in the absence of demonstrable prejudice to the Plaintiff, "would certainly run counter to the well-established rule that amendments should be liberally allowed."  Long, 393 F.3d at 401.  Third, Defendants' pleading of the proposed counterclaim does not, as Plaintiff argues, need an "offer of

proof."  Rather, it is subject to the standards enunciated in Federal Rule of Civil Procedure 8(a), requiring merely "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a); see also Stoss v. Singer Fin. Corp., No. CIV.A.08-5968, 2010 WL 678115, at *2 (E.D. Feb. 24, 2010).  Finally, Plaintiff has not otherwise shown that allowing the amendment will cause him any prejudice, particularly given that this case remains at its earliest stages.  Accordingly, the Court will grant Defendants leave to amend their Answer and to include a counterclaim.

      An appropriate order follows.